1  **WO**

4  IN THE UNITED STATES DISTRICT COURT
5  FOR THE DISTRICT OF ARIZONA

7  Arthur G. Williams,              )    No.  CV 10-516 TUC DCB
                                    )
8          Plaintiff,                )
                                    )
9  vs.                              )    **ORDER**
                                    )
10  Internal Revenue Service,        )
                                    )
11         Defendant.                )
                                    )
12  _____ )

On August 25, 2010, Plaintiff lodged an affidavit of inability to pay costs or give security for the commencement of this action and a Motion for Leave to Proceed *In Forma Pauperis*.  It appears that he meets the *in forma pauperis* requirements of 28 U.S.C. §1915.

Plaintiff's Complaint states that he is eligible for Earned Income Credit (EIC) payment, which the IRS denied him and that the IRS owes him money from tax years 2002 and 2003.  He seeks a Court order directing the IRS to recognize his eligibility for EIC payments and to make a payment of $3,500 to him for tax years 2002 and 2003.

Section 1915(e) provides for dismissal of a Complaint filed *in forma pauperis* if the Court is convinced that the action is frivolous.  Frivolousness exists if the plaintiff would not be entitled to relief under any arguable construction of law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Factual frivolousness includes allegations that are "clearly baseless," "fanciful," "fantastic," or "delusional."  *Id*. at 327-28.  Unlike Rule 12(b)(6), § 1915 "`accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual

1 allegations and dismiss those claims whose factual contentions are clearly baseless.'" 2 *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke*, 490 U.S. at 327).

3       Alternatively, legal frivolousness justifies dismissal under § 1915(e) where a 4 complaint is based on "an indisputably meritless legal theory...[such as] claims against 5 which it is clear that the defendants are immune from suit, and claims of infringement 6 of a legal interest which clearly does not exist...." *Neitzke,* 490 U.S. at 327.

7       Here, Plaintiff's Complaint may be legally frivolous, but as pled the Court is 8 unable to identify the claim being alleged by the Plaintiff with any degree of specificity 9 or certainty. As such, the Plaintiff has failed to allege any facts that bring this action 10 within the jurisdiction of the federal court. An *in forma pauperis, pro se* litigant should, 11 however, be given an opportunity to amend a complaint to overcome a deficiency 12 unless it is clear that no amendment can cure the defect. *See eg., Potter v. McCall*, 433 13 F.2d 1087, 1088 (9th Cir. 1970); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), 14 *superceded by statute, Lopez v. Smith*, 203 F.3d 1122, 1129-1131 (9th Cir. 2000) (in 15 prisoner cases, under the PLRA, a district court retains its discretion to dismiss a pro 16 se prisoner's *in forma pauperis* complaint with or without leave to amend). "District 17 judges have no obligation to act as counsel or paralegal to *pro se* litigants" because this 18 would undermine district judges' role as impartial decisionmakers. *Pliler v. Ford*, 542 19 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131, n.13 (declining to decide 20 whether the court was required to inform a litigant of pleading deficiencies under the 21 PLRA (citing *Noll*, 809 F.2d at 1448)). So while the Court may not serve as advocate 22 for the *pro se* litigant nor act as legal advisor, the Court will explain generally the 23 pleading deficiencies and afford him an opportunity to amend the Complaint. *Noll* at 24 1448.

25       The Amended Complaint must comport with Rule 8 of the Federal Rules of Civil 26 Procedure which provides that the pleading shall contain "a short and plain statement

- 2 -

1  of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.8(a)(2). The
2  purpose of Rule 8 is to prevent vague and ambiguous claims and ensure that defendants
3  will be able to frame a responsive pleading.

4        Plaintiff's obligation to provide the "'grounds' of his 'entitlement to relief'
5  requires more than labels and conclusions, and a formulaic recitation of the elements
6  of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964
7  (2007). At the pleading stage, the Plaintiff must allege enough facts, if taken as true,
8  to suggest that a claim exists. This does not impose a probability requirement at the
9  pleading stage, it simply calls for enough facts to raise a reasonable expectation that
10 discovery will reveal evidence to support the claim. *Id.* at 1966. "[F]actual allegations
11 must be enough to raise a right to relief above the speculative level, on the assumption
12 that all the allegations in the complaint are true even if doubtful in fact." *Id.* at 1965.
13 Based on the face of the Complaint, the alleged facts must bring the action within the
14 jurisdiction of this Court.

15       "Federal courts are not courts of general jurisdiction; they have only that power
16 that is authorized by Article III of the Constitution and the statutes enacted by Congress
17 pursuant thereto." *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986)
18 (citing *Marbury v. Madison*, 1 Cranch (5 U.S.) 137, 173-180 (1803)). "It is to be
19 presumed that a cause lies outside this limited jurisdiction, and the burden of
20 establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v.
21 Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (*citations omitted*).

22       As a sovereign, the United States "is immune from suit unless it has expressly
23 waived such immunity and consented to be sued." *Dunn & Black, P.S. v. United* States,
24 492 F.3d 1084, 1087-88 (9th Cir. 2007)(quoting *Gilbert v. DaGrossa*, 756 F.2d 1455,
25 1458 (9th Cir.1985)) A waiver of sovereign immunity must be unequivocally
26 expressed, and "[w]here a suit has not been consented to by the United States, dismissal

27
28       - 3 -

of the action is required .... [because] the existence of such consent is a prerequisite for jurisdiction." *Id.* 492 F.3d at 1088 (quoting *Gilbert*, *supra*.). "The Supreme Court has 'frequently held ... that a waiver of sovereign immunity is to be strictly construed, in terms of its scope, in favor of the sovereign.'" *Id.*, 492 F.3d at 1088 (quoting *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999)). An action must be dismissed unless plaintiff satisfies the burden of establishing that his action falls within an unequivocally expressed waiver of sovereign immunity by Congress. *Id.* (citing *Cunningham v. United States*, 786 F.2d 1445, 1446 (9th Cir. 1986)).

The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). The Anti-Injunction Act protects the government's ability to "assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference" and requires a taxpayer to assert his legal right to disputed sums in a suit for refund. *Bob Jones Univ. v. Simon,* 416 U.S. 725, 736 (1974). The Act sweeps broadly to not only bar suits that directly seek to restrain the assessment or collection of taxes, but also suits that seek to restrain IRS activities "which are intended to or may culminate in the assessment or collection of taxes." *Kemlon Prods. and Dev. Co. v. United States,* 638 F.2d 1315, 1320 (5th Cir.), *modified on other grounds* 646 F.2d 223 (5th Cir.1981) (quotation omitted).

There are limited judicially created exceptions to the Anti-Injunction Act if: "(1) 'it is clear that under no circumstances could the Government ultimately prevail,' (2) and 'equity jurisdiction otherwise exists'-that is there must be (a) irreparable injury and (b) no adequate remedy at law." *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 7 (1962)).

If the Plaintiff challenges the IRS' collection of unpaid taxes, it will send the taxpayer a notice of deficiency, which the taxpayer may contest in the Tax Court. 26

- 4 -

U.S.C. §§ 6212(a), 6213(a). Before the IRS imposes a levy to collect unpaid taxes, the taxpayer may request a hearing, and he may petition the Tax Court to review the result of the hearing. 26 U.S.C. § 6330(a), (b), (d). A taxpayer may appeal a decision of the Tax Court to a United States Court of Appeals, as the federal Courts of Appeals have exclusive jurisdiction to review the Tax Court's decisions. *See* 26 U.S.C. § 7482; Tax Court R. 190; Fed.R.App.P. 13.

After the IRS collects taxes owed, a taxpayer may file a claim with the IRS for a refund, and if that claim is denied, he may sue for a refund in federal court. 26 U.S.C. §§ 6511(a), 6532(a), 7422(a); 28 U.S.C. § 1346(a)(1). Section 1346(a)(1) waives the government's sovereign immunity by authorizing federal district courts to hear "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346(a)(1); *Dunn & Black,* 492 F.3d at 1088. An express condition of Congress's waiver of sovereign immunity, however, is 26 U.S.C. § 7422(a), which requires a plaintiff to first file an administrative claim for refund or credit with the Secretary of the Treasury before bringing suit to challenge the refund. The Treasury has no power to waive this statutorily-imposed exhaustion requirement. *Dunn &Black*, 492 F.3d at 1091. Plaintiff has not alleged that he first filed an administrative claim for refund with the Secretary before bringing this suit. Thus, Plaintiff has failed to establish a waiver of sovereign immunity under § 1346(a)(1) that would permit him to proceed with this action.

An adequate remedy at law, for the purposes of challenging the IRS's collection of an alleged tax deficiency, includes a taxpayer's option of paying the disputed tax and

1 then suing for a refund. *Hobson v. Fischbeck,* 758 F.2d 579, 581 (11th Cir.1985). This
2 remedy precludes any of the judicial exceptions to the Anti-Injunction Act.

3 Here, the Complaint fails to allege facts sufficient to raise a reasonable
4 expectation that discovery will reveal evidence to support a refund claim against the
5 IRS. The facts are not even sufficient for the Court to discern whether the Plaintiff in
6 fact intends to brings such an action and if so, whether there are facts to support a viable
7 refund claim against the IRS. Because the Plaintiff is *pro se*, the Court will afford him
8 an opportunity to amend his Complaint. In the event he amends the Complaint to plead
9 a refund action against the IRS, this Court will have jurisdiction over the case and will
10 order the Amended Complaint and Summons served by the United States Marshal
11 because he proceeds *in forma pauperis.*

12 **Accordingly,**

13 **IT IS ORDERED** that the plaintiff may proceed *in forma pauperis*, without
14 prepayment of fees and costs or security therefor, and that the Complaint be filed.

15 **IT IS FURTHER ORDERED** that the Clerk of the Court shall date the
16 Complaint as filed on the day that the Clerk of the Court received the petition. *Cooper*
17 *v. City of Ashland*, 871 F.2d 104, 105 (9th Cir. 1989).

18 **IT IS FURTHER ORDERED** dismissing the Complaint, *sua sponte*.

19 **IT IS FURTHER ORDERED** that Plaintiff has leave to file an Amended
20 Complaint by September 30, 2010.

21 **IT IS FURTHER ORDERED** that THE AMENDED COMPLAINT MUST BE
22 CLEARLY DESIGNATED AS "AMENDED COMPLAINT" ON THE FACE OF THE
23 DOCUMENT. The Amended Complaint must state specific allegations against proper
24 Defendant(s), named as Defendant(s); and identify who participated in which activities
25 alleged in the Complaint; and state what injury, if any, Plaintiff suffered as a result of
26 the activities of each Defendant. THE AMENDED COMPLAINT MUST BE

28

1 RETYPED OR REWRITTEN IN ITS ENTIRETY AND MAY NOT INCORPORATE
2 ANY PART OF THE ORIGINAL COMPLAINT BY REFERENCE.

3     **IT IS FURTHER ORDERED** that the Clerk of the Court is directed to
4 DISMISS all claims and to close this case, without further notice to Plaintiff, if Plaintiff
5 fails to file the Amended Complaint by September 30, 2010.

6     **IT IS FURTHER ORDERED** that in the event Plaintiff proceeds with this
7 action, he must follow the Federal Rules of Civil Procedure and the Local Rules of
8 Practice for the U.S. District Court of Arizona (local rules).[1] Plaintiff is instructed to
9 take special notice of Local Rule 7.2 which provides specific instructions for civil
10 motions, especially subsection (i) which provides that failure to file a timely response,
11 or any other such non-compliance, "may be deemed a consent to the denial or granting
12 of the motion and the Court may dispose of the motion summarily."

13     **IT IS FURTHER ORDERED** that in the event Plaintiff proceeds with this
14 action, he must comply with the rules of service, Fed. R. Civ. P. 4-6, including Rule 4(i)
15 for serving the United States and its agencies, corporations, officers, or employees.
16 Plaintiff shall serve upon Defendant or upon its counsel, a copy of every further
17 pleading submitted to the Court.  In respect to serving all documents subsequent to the
18 Amended Complaint, Plaintiff shall comply with Rule 5, including subsection d which
19 requires filing a certificate stating the date a true and correct copy of any document was
20 mailed to each Defendant or their counsel.  The Court will disregard any document
21 which has not been filed with the Clerk or which fails to include a Certificate of
22 Service.

---

[1] The Local Rules of Practice for the United States District Court, District of Arizona, may be obtained at the Pima County Law Library or accessed on the Court's website: www.azd.uscourts.gov.

28     - 7 -

**IT IS FURTHER ORDERED** that the Plaintiff shall not have any *ex parte* communications with this Court, including telephone calls and letters.

DATED this 15th day of September, 2010.

_____
David C. Bury
United States District Judge

- 8 -